Crane *v.* Ely.

ROBERT C. CRANE and JOHN M. CRANE, appellants,

*v.*

ENOCH A. ELY, respondent.

1. Where an account is so complicated that it cannot be tried in a court of law, with any certainty that an accurate result will be reached, a court of equity may restrain the action at law and assume jurisdiction.

2. The practice act, under which references are made in matters of account, has not changed the practice of courts of equity to restrain such actions.

3. Those courts will not interfere where there is concurrent jurisdiction in courts of law, and where the latter have first taken cognizance, unless a plain case be made in the bill of complaint.

4. Where the answer discloses the equities, the complainant will not be allowed to abandon the case made in his bill, and ask a new remedy at the hearing, or claim it on motion to dissolve an injunction to restrain an action at law, upon a record framed with a different aspect.

---

An action of *assumpsit* was commenced in the supreme court by the appellants, Robert C. Crane and John M. Crane, against the respondent, Enoch A. Ely, to recover the sum of $4,077.21, balance of an account stated in the bill of particulars annexed to the declaration. The items of this account on the plaintiff's side were three promissory notes, a check, cash loaned and goods sold and delivered. Credits are allowed to the defendant, Ely, for notes, checks, goods and sundries. The difference between the debits and credits, with interest thereon, make the amount demanded by the plaintiff in his action. To this declaration the defendant, Ely, pleaded the general issue. He then filed a bill in the court of chancery, praying for an answer without oath, a discovery and an account, and that in taking such account the said Robert C. Crane and John M. Crane may be charged with the consideration-money of two certain bonds and mortgages set out in the bill, and therein stated to have been purchased by them, for the sum of $4,200, from the complainant, and with other items of charge, principally cash, paid by checks, and small sums for goods &c. All of these items of credit are

charged to have been omitted by the defendants from the particulars of their demand in the action of law, and for them he claims he is entitled to have credits over and above the balance demanded by the defendants in their action at law. He also claims $600 for his portion of the purchase-money, over a mortgage encumbrance, for a farm sold and conveyed by him and one Charles R. Burk to the defendants. He charges in his bill of complaint, as the ground for equitable relief, that the said accounts being very complicated they cannot properly be taken and stated except in a court of equity.

On filing this bill, an order for an injunction according to the prayer thereof was made, and the injunction issued, staying the action in the law court. An answer was filed by the defendants in the chancery suit, Robert C. Crane and John M. Crane, denying any indebtedness to the complainant, Ely, and stating that the cash items set out in the bill, alleged to have been omitted from their bill of particulars as credits due the complainant, were payments made by him on promissory notes made and discounted by them for his accommodation, and for other loans made by them for his benefit, with which they are not chargeable.

As to the two mortgages which the complainant alleges were purchased from him, made by Thomas Lowrey, the defendants say they were induced to purchase them by the complainant as first-class securities and first encumbrances; that he was their uncle, and they put implicit confidence in his statements, never saw the assignment of the mortgages, or had them in their possession; that the mortgaged premises were sold under foreclosure of a prior mortgage; that the defendant John M. Crane attended the sale, and bought the lands covered by the mortgages at the special request of the complainant, but never saw or received the deed, nor paid anything, but the complainant, after sale, took possession and has treated the property as his own, and that they are ready to convey it to him whenever he shall pay them the amount he owes them. As to the alleged purchase made by them of a farm from the complainant and Charles R. Burk, they say that they had no desire to purchase the tract of land, but permitted themselves to be persuaded into assisting the complainant

in purchasing said Burk's interest in it by pretending to purchase the whole interest of Burk and the complainant, who were cotenants or joint owners of the land; that the complainant has possession of the deed and premises, and has paid the purchase-money. They hold the title for him, and are ready and willing to convey the same to him upon being paid what he owed them, and being indemnified against all loss in the affair.

This answer being made under oath, the defendants moved to dissolve the injunction, which was denied, with costs. From this order refusing to dissolve the injunction this appeal was taken.

On appeal from a decree advised by Vice-Chancellor Van Fleet, whose opinion is reported in *Ely* v. *Crane, 10 Stew. Eq. 157.*

*Mr. Henry C. Pitney,* for appellants.

I. Does the bill show such a case as will justify a court of equity in withdrawing the litigation from a court of law where it was commenced?

*a.* The bill does not make a case for exclusive equitable jurisdiction under the head of "*account.*" *Kerr on Inj. tit. "Account"* 57–64; 1 *Pom. Eq. Jur.* §§ 173, 176, 178; *Dinwiddie* v. *Bailey, 6 Ves. 136; Townrow* v. *Benson, 3 Mad. 203; Fowle* v. *Lawrason, 5 Pet. 502; Badger* v. *McNamara, 123 Mass. 117; Phillips* v. *Phillips, 9 Hare 473; Southampton* v. *Southampton, L. R. (11 Eq.) 254, 263; Makepeace* v. *Rogers. 11 Jur. (N. S.) 215, 314; Hunter* v. *Belcher, 10 Jur. (N. S.) 663, 2 De G. J. & S. 194.*

*b.* Chancery will not withdraw a case of this sort from the law court after the latter has once acquired jurisdiction, even though it would have entertained jurisdiction in the first instance.

That is the rule in this state as well as in England. *1 Pom. Eq. Jur.* § 179; *S. E. R. Co.* v. *Brogden, 3 Macn. & G. 8; Rawson* v. *Samuel, C. & P. 161; Scott* v. *Liverpool, 5 Jur. (N. S) 105; Barry* v. *Stevens, 9 Jur. (N. S.) 143, 31 Beav. 258; Norris* v. *Day, 4 Y. & C. 475; Sweeney* v. *Williams, 9 Stew. Eq.*

*627, 629, and cases cited; Salter* v. *Williamson, 1 Gr. Ch. 480; Van Mater* v. *Sickler, 1 Stock. 483; Clarke* v. *Johnston, 2 Stock. 287; McAndrew* v. *Walsh, 4 Stew. Eq. 331; Jewett* v. *Bowman, 2 Stew. Eq. 175; Crane* v. *Bunnel, 10 Paige 333; Ins. Co.* v. *Bailey, 13 Wall. 616.*

*c.* The bill cannot be sustained as one for *discovery,* for it waives an answer under oath. *Badger* v. *McNamara, 123 Mass. 117.*

And if it be good as a bill for discovery, having been answered in full and discovery obtained, it will not, in this case, be retained for final relief. *1 Pom. Eq. Jur.* §§ *223–230; Moxon* v. *Bright, L. R. (4 Ch. App.) 292; Story's Eq. Prac.* § *311 et seq.; 2 Dan. Ch. Pr. (4th Am. ed.)* §§ *1556, 1558; Jesus College* v. *Bloom, 3 Atk. 262, Ambler 54; R. R. Co.* v. *Hoppock, 1 Stew. Eq. 261; Little* v. *Cooper, 2 Stock. 273.*

*d.* It is to be remarked that while the bill claims that upon a full settlement the Cranes would be found largely indebted to Ely, yet it does not deny the genuineness of the promissory notes sued upon, and does not allege that they were accommodation or lent notes. In fact, it does not deny a single item charged in the bill of particulars. Now, the failure to impugn his liability to pay the three notes dated December, 1881, March, 1881, and April, 1882, respectively—the latter for $1500—is conclusive against Ely's claim of a balance in his favor, since those notes are subsequent in date to all of the items of set-off claimed by him in his bill.

*e.* The affidavit to the bill is insufficient to obtain an injunction. *Youngblood* v. *Schomp, 2 McCart. 42.* And this defect is not waived by answering. *Perkins* v. *Collins, 2 Gr. Ch. 482, 488; Holdredge* v. *Gwynne, 3 C. E. Gr. 26, 32.* See, on the general subject of granting injunctions in cases like this, *Hewitt* v. *Kuhl, 10 C. E. Gr. 24.*

II. The allegations of the answer do not add to the equity of the bill or furnish the least ground for equitable interference. *2 Jones on Mort.* §§ *1060, 1070, 1095, 1215–1240; Jones on Pledges 589, 591.*

The learned vice-chancellor seems to have gone on the idea

that since a judgment and execution at law would give the Cranes an *opportunity* to do something inequitable, therefore equity should interfere in anticipation of that "*opportunity*" being abused, and prevent its coming into existence. But the case discloses no reason to fear or believe that it will be abused by the Cranes. On the contrary, the Cranes declare themselves ready and willing to convey. I submit that equity will not act on any such baseless apprehension. *Rogers* v. *Danforth, 1 Stock. 289 ; Butler* v. *Rogers, 1 Stock. 487 ; Kean* v. *Colt, 1 Hal. Ch. 365 ; Smithurst* v. *Edmunds, 1 McCart. 408 ; 1 High on Inj.* § *22.*

III. But further, the rule that the complainant must stand on the allegations of his bill, applies. *Parsons* v. *Heston, 3 Stock. 155 ; Lindsay* v. *Lynch, 2 Sch. & Lef. 1 ; Wright* v. *Wilkin, 4 De G. & J. 140 ; Rawlings* v. *Lambert, 1 Johns. & H. 458 ; Cresy* v. *Beavan, 13 Sim. 99, 353 ; Thomas* v. *Hobler, 8 Jur. (N. S.) 125 ; Micou* v. *Ashurst, 55 Ala. 607 ; Rodgers* v. *Rodgers, 1 Paige 425 ; Lloyd* v. *Brewster, 4 Paige 537 ; Wilkinson* v. *Dobbie, 12 Blatch. 298 ; Shields* v. *Barrow, 17 How. 130 ; Polhemus* v. *Empson, 2 Stew. Eq. 583, 3 Stew. Eq. 405.*

*Mr. S. M. Dickinson,* for respondent.

I. As to complainant's case as made by the bill.

It was insisted on the hearing of the motion to dissolve that the bill was not properly verified. The facts alleged in the bill are all within the knowledge of the complainant and stated so to be, and he has verified them in the most positive manner. The verification is sufficient. *Youngblood* v. *Schomp, 2 McCart. 42 ; Eden on Inj. (2d Am. ed.) 380 ; Story's Eq. Pl.* § *309.*

Further, it was insisted that there is no equity in the bill. This is a case in which chancery will assume jurisdiction. There are mutual accounts. *Padwik* v. *Hurst, 18 Beav. 578 ; Flicker* v. *Taylor, 3 Drew. 183 ; Furman* v. *Clark, 3 Stock. 135.*

The complainant was entitled to an injunction and discovery of the matters stated in the bill in aid of his defence at law.

*Senior* v. *Pritchard, 16 Beav. 473; Henwood* v. *Jarvis, 12 C. E. Gr. 247.*

Whatever objection might have been made to the frame of the bill, originally, none can be made since the defendants have not demurred but gone to issue upon the facts. It is too late to object to the jurisdiction of the court after the defendants have answered and put themselves on the merits instead of demurring to so much of the bill as seeks relief. *Livingston* v. *Livingston, 2 Johns. Ch. 290, 292 ; 2 Cai. Cas. in Error 40, 41.*

II. As to defendants' case as made by their answer.

The affidavit of Duryea annexed to the answer cannot be read in support of the motion to ·dissolve. *Mulock* v. *Mulock, 11 C. E. Gr. 463 ; Pope* v. *Bell, 8 Stew. Eq. 3 ; Roberts* v. *Anderson, 2 Johns. Ch. 202.*

The material matters in the answer which do not admit the allegations of the bill, are stated on information and belief, or upon hearsay, and are not within the personal knowledge of the defendants. *Holdrege* v. *Gwynne, 3 C. E. Gr. 26 ; Higbee* v. *Railroad Co., 4 C. E. Gr. 276 ; Horner* v. *Jobs, 2 Beas. 19 ; Poor* v. *Carleton, 3 Sumn. 70, 75 ; Ward* v. *Van Bokkelen, 1 Paige 110 ; Wakeman* v. *Gillespy, 5 Paige 112 ; Apthorpe* v. *Comstock, Hopk. 148 ; Bailey* v. *Stiles, 2 Gr. Ch. 245.*

If the court can see in the facts disclosed in the answer good reasons for retaining the injunction, it will be retained, notwithstanding a full denial of the equity of the bill. *Bank of Monroe* v. *Schermerhorn, Clarke 303.*

Upon a motion to dissolve an injunction, the court confines itself exclusively to the consideration of the combination of the facts set forth in the bill out of which the equity of the injunction arises, *and to the answer of the defendants to those facts. Canal Co.* v. *Railroad Co., 4 Gill & Johns. 7, 57, 60 ; Orr* v. *Littlefield, Woodb. & M. 13 ; Christie* v. *Griffing, 9 C. E. Gr. 76.*

And the denials and allegations contained in the answer must be so authenticated by a positive oath as to make them, in substance and effect, part of the affidavit which authenticates them. *Fowler* v. *Burns, 7 Bosw. 637.*

The question at this stage of the inquiry is not whether these

claims may or may not prove, upon a final investigation, to be well founded, but whether the answer is of such a character as to justify a dissolution of the injunction. *Brown* v. *Fuller*, *2 Beas. 271, 273 ; Robbins* v. *McKnight, 1 Hal. Ch. 643.*

Neither were the defendants entitled to security from the complainant, [but there is no appeal as to this matter]. The rule of law on this head is that such conditions are imposed only. when defendant at law has no defence to the action. *Henwood* v. *Jarvis, supra ; Rodgers* v. *Rodgers, 1 Paige 426.*

The question also arises in this case whether the defendants are " aggrieved " by the order of the chancellor, in such a sense as to make the order refusing to dissolve the injunction appealable. The controversy at this stage does not affect the merits of the case. The jurisdiction at law is not exclusive, and no injury can result from retaining the injunction. But for this appeal there would be a decree now. *Atty.-Gen.* v. *Paterson, 1 Stock. 627 ; Morgan* v. *Rose, 7 C. E. Gr. 593.*

The opinion of the court was delivered by

SCUDDER, J.

Two questions have been discussed by the counsel on the argument of this appeal, and they were the only points considered in the opinion of the vice-chancellor, who advised the holding of the injunction : first, does the bill show such a case as will justify a court of equity in withdrawing the litigation from a court of law where it was commenced ? second, if it does not, does the answer make up for the want of equity in the bill, and can it be used for that purpose ? Upon the first point there is little to be said in addition to what was said in the opinion of the court below, which held that the case made by the bill disclosed an equitable element which would give that court exclusive jurisdiction ; that the account was not so complicated that it could not be tried at *nisi prius* with any certainty that an accurate result would be reached, citing, as authorities for this conclusion, *Kerr on Inj. 58* and *Seymour* v. *Long Dock Co., 5 C. E. Gr. 396, 407.* The cause stated in the bill of complaint for changing the

forum is the complex nature of the account.  If the facts in the
bill sustained this charge, there would be no difficulty in the
complainant's right to hold the injunction, for, as it is said in *1
Story's Eq. Jur.* § *451,* " The whole machinery of courts of equity
is better adapted to the purpose of an account in general, and, in
many cases, independent of the searching power of discovery, and
supposing a court of law to possess it, it would be impossible for
the latter to do entire justice between the parties, for equitable
rights and claims not cognizable in law are often involved in the
contest."   It has also been held that the common law procedure
act, included in our practice act, under which references are made
in matters of account, has not taken from courts of equity the
right to restrain actions involving complicated accounts where
the accounts could be more completely taken in those courts.
*Croskey* v. *E. & A. S. Shipping Co., 1 Johns. & H. 108.*

But conceding the widest authority which has been claimed
for courts of equity to take cognizance in matters of account be-
tween parties, whether they be of a fiduciary character or other-
wise, and the advantage they possess in the forms of procedure
for doing complete justice, these courts have been careful not to
interfere where there is concurrent jurisdiction in courts of law,
and where the latter have first taken cognizance, unless a plain
case be made in the bill.   The authorities show that there are
many cases in which a court of equity will entertain jurisdiction
in matters of account, in the first instance, where, if the party
making the claim had proceeded at law, the court would not, if
applied to for that purpose, withdraw the matter from legal juris-
diction.   *South Eastern R. R. Co.* v. *Brogded, 3 Macn. & G. 8 ;
Sweeny* v. *Williams, 9 Stew. Eq. 627 ; 1 Pom. Eq, Jur.* § *179.*

In this case, on the showing made in the bill of complaint, the
account is not complicated, but an ordinary account of debits for
notes, goods &c., with credits allowed for payments made on ac-
count, as shown in the schedule to the plaintiff's declaration in
the action at law, in stating which the complainant charges they
have omitted several items for which he is entitled to credit on a
settlement.  These additional items claimed by him in his bill are
cash payments made by the complainant, with a few small charges

for merchandise. Besides these there is the charge of $4,200 for two bonds and mortgages assigned to the defendants, made to offset a claim for like amount in their account against him for money paid him by A. & A. Duryea, of New York City, by their order; and the sum of $600 for his portion of the purchase-money of the land alleged to have been bought of Burk and the complainant by the defendants. As the account is thus stated in the bill of complaint there is no difficulty in trying it at law before a jury or by reference under the statute. The whole matter depends on the truth of their respective statements, which can be tried as well at law as in equity.

The second question argued is whether the answer cures the want of equity in the bill. Admitting, for the purpose of an examination of its particular contents, that this may be done, it is found that the answer denies and explains each item of the complainant's statement of omitted items in their account. It also denies their liability for the purchase of the Lowrey mortgages, because of the fraud practiced by the complainant, Ely, and avers that they hold title to the mortgaged premises for him, and tender it to him on settlement of their account. The answer also avers that the Burk property was purchased for the complainant, Ely, and that they do not owe him for any purchase-money therefor, and tender a conveyance to him of the property on payment of the balance of their account. The answer further shows that Ely has been in possession of both properties since their purchase at his request, and that he has acted in all respects as the owner thereof. It denies the complication of the accounts and the inability of a court of law to adequately state the same, and, in doing so, shows the falsity of the credits claimed by the complainant for the items set out in his bill, including the charges for $4,200 and $600 for the mortgages and the Burk farm. The bill therefore receives no help from the answer in the matter of the alleged omitted items and the complex nature of the account. But it is said that the answer discloses the facts that the defendants have the deed for the mortgaged premises and the Burk tract of land, and if they succeed in disproving the credits claimed by the complainant for the $4,200 and $600, he will be

Crane *v.* Ely.

entitled to a conveyance of these properties to him, and therefore it is necessary for the court of equity to retain the bill and the injunction, to give a more complete and adequate remedy than can be given at law.    But as the complainant states his case in the bill, he asks no such protection, for he does not seek a conveyance of the lands, but credit for the purchase-price.    It is both informal and unjust to allow the complainant to abandon the case made by his bill, and to come, at the hearing or on motion to dissolve an injunction, for a new remedy upon a record framed with an aspect altogether different.    *Stevens* v. *Guppy, 3 Russ. 171, 185.*

The complainant having failed to show in his bill of complaint a complicated account between him and the defendants, requiring the aid of a court of equity to settle the same, and the material facts on which he relied for the relief he has prayed for being positively and sufficiently denied by the answer made under oath, for the purpose of this motion to dissolve the injunction, the injunction should be dissolved and the case permitted to proceed at law, where cognizance of it was first obtained.    From the view above taken, it will be observed that this case does not call for any expression of opinion on the question raised and discussed in the argument, whether the bill, being defective, can be helped by responsive statements made in the answer.    The matters relied on in the answer to retain the injunction are outside the case made in the bill, and cannot be brought into it without changing its aspect.    The order should be reversed and the injunction dissolved.

*Decree unanimously reversed.*