DYMTRO SEMENOWICH et al.

*v.*

MAUK MELNYK et al.

[Decided July 21st, 1921.]

Where the grantee of land made a declaration of trust, setting out that he held title only as security for a loan advanced to the grantor, and later in a suit by the grantor's creditor to declare the deed fraudulent, asked for nothing more than the money advanced by him on the land, he is bound by a decree for this amount, and, there being no fraud, cannot later claim surplus money produced by a sale of the land over the grantor's debts, on the theory that the grantor made the conveyance in fraud of his creditors, and that equity will not help him regain it.

On bill, &c.

*Messrs. Riker & Riker* (*Mr. Theodore McC. Marsh*), for the petition.

*Messrs. Levy & Fenster* and *Mr. William Greenfield*, for the respondent.

BACKES, V. C.

The bill in this case was filed by judgment creditors of the defendant Melnyk to set aside a conveyance of land made by him to the defendant Novak, alleging that it was made to cheat and defraud them. Novak answered denying fraud, setting up that the deed was in the nature of a mortgage and cross-billed, praying that it be declared a mortgage. On the hearing it was held that the deed was given as security, and valid as a mortgage, but void as to the complainants' judgments. A decree was accordingly entered upholding the deed to the extent of Novak's advances, but, subject to his lien, it was set aside as against the complainants' judgments, and the property was ordered to be sold to satisfy Novak's lien, and the complainants' judgments and a *fi. fa.* is now in the hands of the sheriff. Novak has petitioned the court to determine who will be entitled to the possible surplus. He wants to know how to bid. I do not pause to consider whether he is entitled to the court's judgment *in limine* under the act of 1915 (*P. L. 184* ¶ *7*), or upon the authority of *Point Breeze Ferry Co.* v. *Bragaw, 47 N. J. Eq. 298,* or *State Mutual Building and Loan Association* v. *O'Callahan, 65 N. J. Eq. 738,* cited by him. I think he is not, but, as the matter is pressing and no objection is raised, I will pass upon the question.

Novak claims to be entitled to the surplus, and he rests his claim on the ground that the deed to him was executed by Melnyk with intent to cheat and defraud creditors; that, although voidable as to creditors, it was good *inter partes,* and that equity will not aid the wrong-doer. *Geroso* v. *DeMaio, 75 N. J. Eq. 410.* The claim is based upon the recitals in the final decree, rather than upon the facts disclosed at the hearing which led to that instrument. The decree does recite that "the deed of said Myak Melnyk and Olena Melnyk, his wife, to said Michael Novak was made and executed by them with intent to cheat and defraud the complainants, but was taken by the defendant Michael Novak to secure to him the sum of $3,400 then advanced by him." This is an inadvertence. Actual intent to cheat and defraud was not shown at the trial, as I recall the testimony, and, surely, the cause was not presented nor decided upon that theory. At the

time Melnyk made the deed to Novak he was in financial troubles, and appealed to him for assistance, which was promised and given. With the making of the deed, Novak executed a declaration of trust in which the negotiation between the two is set out in detail, and the declaration was later recorded in the office of the register of deeds of Essex county. In his pleading, and at the trial, Novak asserted his rights under the deed as declared in his contemporaneous declaration, and asked for nothing more than the lien vouched to him by these documents. The final decree fixes the extent of his lien and interest in the property at $5,250. He is bound by that sum. As the debts of the complainants were in existence at the time the deed to Novak was made, it was set aside as to them as a voluntary conveyance. Had it been held that the transaction was corrupt, a moral fraud, as Novak now asserts it was, and to which he must needs have been privy, the deed would have been set aside in favor of the complainants, not only as to Melnyk but also as to Novak. *Horton* v. *Bamford,* 79 *N. J. Eq.* 356. Novak's priority as a lien holder was sustained because of the absence of fraud in fact, although as to Melnyk the deed was fraudulent in law as against his existing creditors. *Comp. Stat. p. 2617* ¶ *11.* Melnyk's claim to the surplus arises out of the declaration of trust, and not out of any supposed resulting trust tainted with fraud. The rule that a conveyance made with intent to defraud creditors is good as between the parties cannot be applied in the circumstances. The test here is, Could Melnyk recover his title on an original bill against Novak under the terms of the declaration of trust, and the defence set up by Novak, as he has here set up—that he took and held the property as security? I have no doubt he could. Novak's estate in the property is limited by his money decree. He can have no more, nor can he, in conscience, ask more. Whatever remains, after he and the complainant creditors are satisfied, reverts to Melnyk.

If Novak still relies upon the recital in the final decree as *res adjudicata,* the recital will be corrected on application.