The original bill in this case was filed by Naugle, as vendee of lands under a contract of sale from Herbert McVoy, against McVoy and his wife, for specific performance of the contract. McVoy was not the owner of the lands when the contract was made, but was himself the vendee under a contract from the owner, Karl Baumann. McVoy, subsequent to his contract with Naugle, assigned his contract from Baumann, to his wife, Mary McVoy. Baumann refused to complete his contract by conveyance, and instead conveyed to his wife (defendant Bertha Baumann), who in turn conveyed to Elihu H. Cooley, taking back a purchase-money *Page 184 
mortgage. Mrs. McVoy sued the Baumanns and Cooley for specific performance of the Baumann contract, and obtained decree that Cooley convey to her. Cooley never did so convey, but a copy of the decree was recorded under the statute. The Naugle contract in terms comprises only a part of the lands, but complainant contends it was intended to comprise all. He prays for reformation, as well as for specific performance, and also prays that "the status" of the mortgage from Cooley to Bertha Baumann "be determined."
Cross-bill was filed in this cause by the defendant Bertha Baumann, against complainant, Naugle, and against the McVoys, setting up substantially the foregoing facts, and further alleging that the cross-complainant is still the holder of the said mortgage made by Cooley, and that the moneys thereby secured are due and have not been paid. She also alleges that the McVoys "claim to own in fee the lands described in said mortgage," notwithstanding they have received no deed from said Cooley, and that they claim and "assert that said mortgage is null and void and not a lien upon the lands described therein."
It is further stated in the cross-bill that Naugle is made defendant to the cross-bill because the decree might affect his rights; that Mrs. Baumann "desires to have her rights, under said mortgage, declared," and the cross-bill prays that defendants disclose what interest they claim in the lands and upon what such claim is based, and that defendants "be decreed to execute and deliver such instruments and do such acts as shall be required to vest in cross-complainant such rights in, to and under the mortgage as this court shall declare."
(The hearing was had only in respect of the cross-bill, the parties stipulating that it should precede hearing on the original bill.)
This cross-bill has already been dismissed as to the McVoys. It must also be dismissed as to Naugle.
In the first place, it is utterly anamalous and unheard of in character. It is a bill filed by a mortgagee, who says that *Page 185 
her right to foreclose has matured, against persons whom the mortgagee says claim to be the present owners of the mortgaged premises, and who claim to hold free of the lien of the mortgage, and against another person claiming to have some equitable claim derived from and under the other two defendants, for the purpose of having this court determine and decree whether her mortgage is valid as against them; in other words, to decree whether or not she would be successful if she should file a bill to foreclose.
I know of no authority or precedent for the maintenance of such a bill as this, and I am well assured that none can be found. The proper course would be to file a bill for foreclosure of the mortgage, and, in the course of the proceedings, these cross-defendants being made parties, the questions presented would be properly brought up and determined. Mrs. Baumann, under the facts set up in her bill, can have no other interest in the mortgaged premises or in the claims made by these defendants, except her interest to secure payment of the original Cooley debt to her out of the proceeds of sale of the premises. The proper way for her to ascertain if she can secure such payment in that way is to file a bill for that specific purpose.
Her counsel seeks to justify the bill under section 7 of the 1915 Chancery act. P.L. 1915 ch. 116.
That section is in nowise applicable. It provides that "any person claiming a right * * * under a * * * written instrument, may apply for the determination of any question of construction thereof, in so far as the same affects such right, and for a declaration of the rights of the parties interested."
It extends only to the determination of any question ofconstruction of the written instrument, and the matter of "declaration of the rights of the parties interested" is, of course, limited to rights involved in such question of construction. Cf. Semenowich v. Melnyk, 93 N.J. Eq. 67 (atp. 68). There is no question of construction of any written instrument presented in the pleadings in this cause. *Page 186 
From the brief and argument of Mrs. Baumann's counsel it appears that she claims that her mortgage is valid and subsisting on the lands as against defendants, and that this claim of hers is founded in part upon what she claims is the true construction of the decree in the McVoy-Baumann suit (hereinbefore mentioned) and of one or more deeds. But this cannot avail her in this behalf, for these questions are not set up in the bill; it does not appear by the bill that it was filed to obtain a construction of these instruments; there is no issue in that behalf raised by the pleadings.