The complainant holds paper title to land by deed from Louise Delannoy Harrison, a devisee under the inartificially drawn last will and testament of Sarah Ogden Wade, deceased, and he prays that the will be construed in respect of the devise, and that it may be declared what estate passed by the devise to the said Louise Delannoy Harrison, and what estate was conveyed by her to him. In Hoe v. Hoe, 84 N.J. Eq. 401, it was held that chancery had not jurisdiction to construe a will, where the question is purely one involving the legal title to land.Hoagland v. Cooper, 65 N.J. Eq. 407. Since that decision, the seventh section of the supplement of the Chancery act (P.L. 1915p. 184) provides:
"Decree to declare rights. Subject to rules, any person claiming a right cognizable in a court of equity, under a deed, will or other written instrument, may apply for the determination of any question *Page 49 
of construction thereof, in so far as the same affects such rights, and for a declaration of the rights of the persons interested."
The complainant claims no equitable right under the will or his deed, "cognizable in a court of equity," and his bill does not come within the purview of that act. Snyder v. Taylor, 88 N.J. Eq. 513.
In 1924 the legislature passed "An act concerning declaratory judgments and decrees" (P.L. 1924 p. 312), which provides:
"1. Courts of record within their respective jurisdictions shall have power to declare rights, status and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect, and such declarations shall have the force and effect of a final judgment or decree.
"2. Any person interested under a deed, will, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract or franchise, and obtain a declaration of rights, status or other legal relations thereunder."
This act confers jurisdiction on the law and equity courts to declare rights of parties in such matters only as the courts respectively would, otherwise, have jurisdiction over if the rights were ripe for relief. The question upon which a judicial declaration is sought does not come under any recognized head of equity jurisdiction. It relates to the legal title to land, and is cognizable at law only. Thropp v. Public Service ElectricCo., 84 N.J. Eq. 144. Equity can no more declare purely legal rights than a court of law can declare equitable rights. The statute plainly reads that the courts, "within their respective jurisdictions," i.e., each within its own jurisdiction, may give declaratory judgments and decrees.
 The bill will be dismissed. *Page 50