The complainant is engaged in building homes for the owners of real estate and financing the construction thereof. It entered into a contract with the defendant, under the terms of which the latter was to secure contracts for such work and was to receive one-quarter of the profits upon all such contracts so obtained by him and stand one-quarter of the losses, if any, that should grow out of such contracts. There was provision for periodical accounting and some other details, of no moment for present purposes.
Subsequent misunderstandings and disputes led to a termination of the contract by the complainant, pursuant to its terms. Thereafter, the defendant commenced an action at law, claiming damages for the services already rendered and for future profits that might have been earned had it not been for the complainant's cancellation of the contract. My impression coincides with that of counsel for the complainant that the latter sort of damages are not computable, but this is of no moment in the decision of the question now presented. In that action the complainant answered and actually went to trial, which resulted in a verdict in favor of the defendant (the plaintiff at law), which was subsequently set aside by the trial judge, and the cause is now awaiting its turn upon the circuit list. Subsequently, the complainant filed a counter-claim based upon the provision of the contract charging the defendant with a percentage of the losses which might be sustained upon any contracts procured by him.
Assuming that it is within the discretionary power of this court to withdraw the action from the law court, as Vice-Chancellor Pitney indicated in Cranford v. Watters,61 N.J. Eq. 284, it would not appear that this is a case where the discretion ought to be exercised. This is not based upon the *Page 191 
doctrine of laches. It is exclusively upon the ground that there is no equitable necessity to interfere in the cause at this time. This court affords relief only in cases where there is no remedy at law as adequate and complete as may be obtained here.
While there is a certain limited jurisdiction in equity over suits for an accounting, it is not every such cause that may be heard here. There are three well-recognized classes of such litigation where the legal remedies are regarded as less efficacious than those afforded in chancery:
1. Where there are mutual accounts between the plaintiff and defendant, that is, where each of the two parties has received and paid on account of the other;
2. Where the accounts are all on one side, but there are circumstances of great complication, or difficulties in the way of adequate relief at law;
3. Where a fiduciary relation exists between the parties, and a duty rests upon the defendant to render an account;
4. Pom. Eq. Jur. (4th ed.) § 1421.
The only claim made by the complainant recognized in the above classification is that the account will be so complicated and difficult to present to a jury that a fair and just verdict cannot reasonably be expected. In the first place, I can see no justification for this fear. The complainant's books certainly must be kept in such a way that it can allocate the costs of material purchased, laborers employed, and other charges, so that each building may be charged with the cost of its construction, and I am unable to see why these figures cannot be properly explained to an ordinary jury. In the second place, even if it be assumed that the figures are beyond the comprehension of the ordinary class of jurors, the Practice act provides exactly the same procedure that would be followed if this bill were retained and the injunction sought by the complainant granted. 5 Pom. Eq.Jur. § 2357. It is true that the act reserves to either of the parties the right to review the finding of the referee by a jury at the same term in which the report is received, but it is unfair to proceed upon the assumption that the dispute, as then clarified by the *Page 192 
referee's report, will still be unintelligible to the jury. If, however, it is, then will be the time to assume jurisdiction.
The court of errors and appeals have given a strong admonition of the gravity of this court unnecessarily interfering with the proceedings of another in Crane v. Ely, 37 N.J. Eq. 564. It is true that in that case there was not the distinguishing feature presently to be touched upon, but the rationale is as I have just indicated and I think there can be no doubt that their decision would have been the same irrespective of the other fact.
Another ground upon which it is sought to maintain the bill is the fiduciary relation existing between partners and members of the closely-allied artificial personality called a joint adventure. Reliance is placed by complainant's counsel upon 33Corp. Jur. 867, where it is said that the fiduciary relation between members of the joint adventure clothes this court with jurisdiction. That work, however, does not go so far as to say that the jurisdiction is exclusive. Nor does it deal with the rule to be adopted, where there is concurrent jurisdiction and the law court has first taken cognizance of the cause. It is questionable in my mind whether the bill should be entertained even if the matter had not been presented to another court. It is true that a relation of confidence and trust existed, but it is not apparent that any "duty rests upon the defendant to account." He has never received anything. The duty will all rest on the complainant.
There are many cases that show the authority of equity to consider suits between joint adventurers. Some, but not all, are collected in Braddock v. Hinchman, 78 N.J. Eq. 270. But there is reserved to the court a judicial discretion to retain the cause or relegate the parties to the remedy at law where that will be as complete and adequate. Seymour v. Long Dock Co.,20 N.J. Eq. 396 (407).
This case, of course, is to be distinguished from a bill filed to protect some right recognized in this court, but not recognized and protected in a court of law. Where that situation is presented, the suitor who seeks to protect his equitable right comes into this court as of right, and there is no discretion *Page 193 
to refuse to entertain the bill. In the instant case, however, it is a mere matter of establishing the number of contracts secured by the defendant, the cost of construction called for by each, a simple calculation of the profit made or the loss sustained, and the aggregate amount on each side of the ledger.
The motion will be denied.