The motion is to strike the bill, which has for its object, the withdrawing of a suit from the law courts on the ground that accounts in issue are too complicated for a jury trial to result in a just verdict.
The bill discloses that the complainant, the town of Eatontown, brought suit in the supreme court against Hendrickson, a former tax collector and his bondsman, to recover taxes collected by him during his term, 1921 to 1926, and misappropriated. The cause was sent to a referee, under objection, who reported a defalcation of $29,125.10. A jury trial that followed resulted in a verdict for the defendant which the court set aside as against the weight of the evidence.
The referee's schedule of two hundred and sixty-five pages of collections, after credits, shows the shortage. His findings as to items of charges rest, in part, on such of the collector's *Page 293 
books as were not destroyed by a mysterious fire on the eve of his forced resignation and on taxpayers' receipts and vouchers of payments not disclosed by the books or the records of which were destroyed by the fire. The items are not in dispute. The exceptions to the report are addressed to alleged erroneous calculations, computations and compilations of the referee which the supreme court held were but feebly supported at the trial. The exceptions having thus limited the proof at the trial, there is no longer a complication of the accounts of the parties. The jury question of complicated accounts has shifted to an investigation of the correctness of the referee's report upon a state of facts no longer in controversy and now largely a question of law to be settled by the court for the jury in submitting the disputes arising on the report. Reduced to that, the issues are not of such complications as to warrant the withdrawal of the trial from the law courts. Equity has jurisdiction to withdraw causes of complicated accounts from the law courts, but the exercise of the jurisdiction is always a delicate undertaking, depending upon the attending circumstances in each case. The law is well settled. Inhabitants of CranfordTownship v. Watters, 61 N.J. Eq. 284. The instant case is governed by the principle applied in Crane v. Ely, 37 N.J. Eq. 564.
 The bill will be dismissed. *Page 294