Savage, the complainant's intestate, was an equal partner with Goodwin and Dowrie in the business of insurance brokerage. Under articles of co-partnership the profits were to be allocated monthly and credited to the accounts of the partners, which they were at liberty to withdraw. Upon the death of a partner the assets of the firm were to pass to the survivors absolutely, the interest of the deceased being satisfied by a sum equal to his share of the profits for the twelve months next preceding his death. Monthly statements of his account were given to Savage, which he approved, except for the month of April, 1931. He died May 1st, 1931. Goodwin died later. Dowrie, the survivor of the firm and owner of the assets, sued the complainant, as administratrix, in the supreme court to recover overdrawals of her husband's account, moneys advanced to him, moneys of the firm withheld by him and for losses on securities of the firm, which losses he agreed to stand.
The bill is for an accounting from Dowrie as surviving partner, and to restrain his action at law.
Dowrie's contention is that the dispute can be settled in the law suit because the account is simple and easily understandable by a jury, or, if too difficult, that a reference may be taken as indicated in Pine Building Co., Inc., v. Grossman, 102 N.J. Eq. 189.
We think the defendant misconceives the complainant's rights and misconstrues her appeal to this court for relief. She does not sue to remove the cause from the law courts because of complications in the account, as in Borough of Eatontown v.Hendrickson, 109 N.J. Eq. 292, but to enforce her legal right to an accounting, the right of partners to an accounting, which may be had in equity under its concurrent jurisdiction. The partnership was a relation of trust and confidence which calls for an accounting of one partner to the other and, without more, the complainant of right is entitled to the aid of equity. Pom.Eq. Jur. (4th ed.) 1421. Dowrie's action at law is not for an accounting. It is for moneys due from a late partner to his firm now represented by the surviving *Page 110 
partner, and a recovery cannot be had at law. Davis v. Minch,80 N.J. Law 214. In that case it was held, "while partnership accounts remain unsettled, and no balance has been struck [account stated], though the partnership has been dissolved, no action at law can be maintained by one partner against another, except an action of account; nor will an action lie for money had and received by the firm or lent to the firm of which the plaintiff was a member, for such advance only forms an item in the partnership account." In the instant case there was an account rendered, but not stated, and consequently there is no implied promise, a promise enforcible at law. If Dowrie's action at law were one for an accounting, his objection to the bill would be pertinent and we would have difficulty in withdrawing it on the ground of involved and complicated accounts. Borough ofEatontown v. Hendrickson, supra.
The bill is primary in seeking an accounting and the action at law will be restrained.