The complainant, a building and loan association, made a mortgage loan to defendant Hugo Theodore Preisendanz, on property located in the city of Camden, New Jersey, at 830 South Fifth street, and received from that defendant a bond, *Page 442 
a mortgage, and an assignment of shares of stock of said association; upon foreclosure of this mortgage a deficiency resulted, for which complainant entered a judgment in the New Jersey supreme court.
The association had therefore made a similar mortgage loan to the same defendant on property in the city of Camden, New Jersey, at 700 South Fifth street, and had received from him a bond, a mortgage, and an assignment of sixteen shares of stock of the seventeenth series of said association, which said assignment contained the following provision:
"And it is further agreed that this assignment of said shares of stock shall stand as one general continuing collateral security for any past, present or future indebtedness of the undersigned to said Association whatsoever, until the same is fully paid and satisfied."
Defendant Preisendanz later conveyed property 700 South Fifth street, Camden, to one John Dorflinger, and executed to Dorflinger an assignment of the sixteen shares of stock in the seventeenth series of complainant association, upon which stock the assignee Dorflinger continued to pay to complainant the regular monthly dues along with interest on the mortgage covering the property which had been conveyed to him. The assignment of stock to Dorflinger concluded with the following provision:
"It being understood that this assignment is subject to prior and previous assignments made of said shares, and which said shares were pledged as collateral security for a certain mortgage of $3,200 advanced by said association."
Between the date of the mortgage on 700 South Fifth street and assignment of stock to complainant, and the conveyance and assignment of stock to John Dorflinger, defendant Preisendanz had executed a mortgage for $600 to John Dorflinger on the same real estate and had also executed to Mary Dorflinger a mortgage for $5,000 covering that and several other parcels of real estate. After the execution of the latter two mortgages (and before the conveyance and assignment of stock to Dorflinger) Preisendanz filed a petition in bankruptcy and *Page 443 
was discharged; his case was treated as a "no-asset" case; no trustee was appointed, and his equity of redemption was abandoned to him.
After the entry of the deficiency judgment above referred to (following the foreclosure on premises 830 South Fifth street) complainant appropriated the value of the sixteen shares of stock in the seventeenth series, canceled the shares, and credited that value on account of its judgment. At the same meeting of the board of directors of complainant association directing this action, and in the same resolution, the board ordered the foreclosure of their mortgage on 700 South Fifth street; that foreclosure suit subsequently came on for final hearing and was dismissed as being prematurely brought, that is, for failure to prove a default.
Complainant then instituted the present suit in which the bill avers that the complainant canceled the sixteen shares of stock and applied their value on account of its deficiency judgment; that the execution of the $600 mortgage to John Dorflinger, the execution of the $5,000 mortgage to Mary Dorflinger, the procurement of a discharge in bankruptcy, and the conveyance of premises 700 South Fifth street by Preisendanz to Dorflinger, and the assignment of stock from Preisendanz to Dorflinger, were done in pursuance of a fraudulent scheme to defraud creditors of Preisendanz. The prayers of the bill are, among others, for a declaratory judgment of its rights under the mortgage and the assignment of stock executed to it when it made its mortgage loan on premises 700 South Fifth street to defendant Preisendanz; for a decree invalidating the later two mortgages and the conveyance of the said real estate and assignment of stock to the Dorflingers; for discovery of assets in aid of its judgment; and for an injunction against the use by defendant Preisendanz of his discharge in bankruptcy as a defense to complainant's efforts to pursue its judgment.
The first question to be determined, therefore, is whether or not complainant is entitled to a declaratory judgment pursuant to section 7, chapter 116, P.L. 1915. I think it is not. The stock assignment to complainant cannot be now *Page 444 
regarded as an instrument under which complainant claims any right cognizable in equity; indeed, that assignment no longer has any existence — it has fully served its purpose; it has been consummated, at least so far as complainant is concerned, and its rights thereunder reduced to a purely legal status, so that there now exists neither need for "construction" nor any written instrument to construe. When complainant exercised the rights which it contends the assignment conferred upon it — when the stock represented by the assignment was canceled and its value appropriated by complainant and applied upon the deficiency judgment which defendant Preisendanz owed to it, the assignment was then dead and its vitality was lost or merged into the stock itself (or the proceeds thereof). Complainant's equitable ownership has, by its own act, been converted into a legal one. That being so, the jurisdiction which complainant invokes is wanting. Paterson v. Currier, 98 N.J. Eq. 48. See, also,Naugle v. Baumann, 96 N.J. Eq. 183, where Vice-Chancellor Buchanan, in dismissing the bill, said: "It is a bill filed by a mortgagee, who says that her right to foreclose has matured, against persons whom the mortgagee says claim to be the present owners of the mortgaged premises, and who claim to hold free of the lien of the mortgage, and against another person claiming to have some equitable claim derived from and under the other two defendants, for the purpose of having this court determine and decree whether her mortgage is valid as against them; in other words, to decree whether or not she would be successful if she should file a bill to foreclose."
"I know of no authority or precedent for the maintenance of such a bill as this, and I am well assured that none can be found."
The case at bar is not wholly unlike Naugle v. Baumann,supra; so far as complainant's mortgage is concerned it alleges no right "ripe for relief" and so far as the stock assignment is concerned it has completely exercised the rights which it contends for in and to the stock but says in paragraph 12 of the amended bill that it "fears that by virtue of the deed of conveyance aforesaid and the assignment as set *Page 445 
forth in schedule B and the payments made by said John Dorflinger, in that behalf, that the said John Dorflinger may consider himself as the owner of the sixteen shares of the seventeenth series of complainant's stock, free and clear of any lien the complainant may have in and to the said sixteen shares of the seventeenth series building and loan stock, and complainant further fears that at the time that the stock normally would mature, had it not been for the previous assignment to the building and loan association as set forth in schedule A and the appropriation by the complainant, Investment Building and Loan Association, of this stock, to satisfy the deficiency judgment aforementioned, * * * the defendant John Dorflinger may make a demand upon the complainant to cancel said mortgage that it holds on premises No. 700 South Fifth street, in the city of Camden," c. Nor does complainant disclose any right in itself to a decree construing the later assignment of the same shares of stock from Preisendanz to Dorflinger; had either of those two defendants sought such relief the situation might have been different. Defendants ask no affirmative relief; in these circumstances, I am not called upon to express an opinion thereof. Accordingly the relief prayed under the first cause of action is denied.
The second cause of action presents a situation where complainant, as judgment creditor, seeks to set aside as fraudulent the conveyance of premises 700 South Fifth street from Preisendanz to Dorflinger, made subject to the mortgage held by complainant on that property, and also to set aside the assignment of stock in complainant association hereinabove referred to (subject, likewise, to a prior assignment to the association), as well as relief by way of injunction against the use of defendant's discharge of bankruptcy. The answering defendants interpose to this action two main defenses: (1) discharge of the judgment through bankruptcy proceedings, and (2) the bona fides of the transactions.
So far as the bankruptcy proceedings are concerned, complainant is not entitled to an injunction at the hands of this court against any proper use by defendant Preisendanz of *Page 446 
his discharge, inasmuch as any attack thereon for the alleged fraud in the proceedings should be, or should have been, made in the bankruptcy court.
It will be unnecessary to further consider the effect of the bankruptcy proceedings upon complainant's judgment, because the defendants have clearly shown the entire good faith of the transactions between them. It appears that Mr. Preisendanz borrowed money from the members of the Dorflinger family over a long period of years, and was indebted to them for a large sum; when it appeared likely that Mr. Preisendanz was about to lose his property at 700 South Fifth street, by reason of foreclosure, he conveyed to John Dorflinger his equity of redemption and also assigned his stock in complainant association; Dorflinger paid delinquent taxes on the property, presented to the association the receipted tax bills, paid all arrearages of dues and interest to the association, and made the monthly payments thereafter.
I find no evidence of fraud in fact, nor do I regard the proofs as sustaining any fraud in law.
The bill will therefore be dismissed.