MABEL B. ARONSON, PLAINTIFF, v. THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, A CORPORATION, AND FIDELITY UNION TRUST COMPANY, A CORPORATION, ARTHUR F. EGNER AND ALEXANDER HARRIS, EXECUTORS AND TRUSTEES UNDER THE LAST WILL AND TESTAMENT OF LOUIS V. ARONSON, DECEASED, DEFENDANTS.

Decided August 19, 1943.

For the plaintiff, *Milton M. Unger.*

For the defendant Prudential Insurance Company, *Lindabury, Depue & Faulks (William L. Dill, Jr.,* of counsel).

CAFFREY, C. C. J.   The plaintiff, Mabel B. Aronson, has filed a complaint pursuant to the Uniform Declaratory Judgments Law, *R. S. Title 2, article 6, R. S. 2:26–66, et seq.; N. J. S. A. 2:26–66, et seq.,* seeking declaratory judgment as to her rights under life insurance policies of which she is the beneficiary.

The complaint sets forth, that on June 25th, 1923, a policy numbered 4367014 was issued to Louis V. Aronson (herein-

after referred to as the Insured) whereby the Prudential Insurance Company of America (hereinafter referred to as the Company) insured the life of said named insured, in the sum of $50,000, Gertrude Aronson being designated therein as the beneficiary.

The complaint further avers that on June 25th, 1924, another policy, numbered 4763987, was issued by the Company, for the face amount of $50,000 and in this policy, too, Gertrude Aronson was named as beneficiary.

The complaint further recites, that on December 2d, 1935, the Insured designated his then wife, Mabel B. Aronson, the present plaintiff herein, as the beneficiary under said policies; that on or about July 21st, 1939, at the request of the Insured, the beneficiary was changed—pursuant to the right of the Insured—to the executors or administrators of the said Louis V. Aronson. The policy provided for the payment to the beneficiary of monthly installments thereunder.

There is no question raised as to the right of the Insured to change the beneficiary in either or both policies. It is also conceded that at the time of the death of the Insured (November 2d, 1940) both policies were payable to the executors or administrators of his estate.

There seems to be no dispute, that decedent borrowed a sum of money from the Company, which, at the time of his death, amounted to $43,813.76.

It is admitted that Louis V. Aronson, in his last will and testament, in paragraph fourteenth thereof, provided as follows:

"In the event that I have not prior to my decease constituted her as the beneficiary in two certain policies of life insurance on my life in The Prudential Insurance Company of America in the amount of Fifty thousand dollars ($50,000) each, then and in that event I direct that the proceeds of said policies of insurance be paid to my dear wife, Mabel B. Aronson."

During the pendency of this matter, this court was asked to hold in abeyance his determination of the present motion, to await the outcome of an action instituted in the Court of Chancery, not only with respect to plaintiff's position, but

other matters between other parties interested in decedent's estate. On December 8th, 1942, Vice-Chancellor Bigelow advised a decree, which, in so far as it affects the plaintiff relative to the subject-matter before me, reads as follows:

"(g) Policies of insurance upon the life of said Louis V. Aronson in the Prudential Insurance Company of America, being policies Nos. 4367014 and 4763987, each of said policies being in the face amount of $50,000, were by the last will and testament of said Louis V. Aronson, bequeathed to the defendant, Mabel B. Aronson, and she is, therefore, entitled to collect all sums due under said policies of insurance, to enforce all rights which may inhere in her as the person entitled to the said policies of insurance and the proceeds thereof."

This decree (Chancery Docket 139/506) does not adjudge or settle any matter in controversy, so far as this court (*i. e.*, Supreme Court) is concerned.

The defendant Company, through its counsel, concedes the right of the plaintiff herein, to the proceeds of the two insurance policies—after first deducting the admitted borrowings of the Insured on these policies. The plaintiff does not want this lump sum; she is asking this court to permit her to exercise Option 2 of the policies, which, of course, would be to her advantage, because the monthly installments derived by her would in all probability exceed any return she might receive, if the sum due on the policies were invested by her. To that end, the plaintiff asks this court to

(1) adjudge that the Prudential is obligated under said policies to permit plaintiff and the executors and trustees to exercise the option by them attempted to be exercised, as in said complaint set forth;

(2) that this court determine that at the time when said policies became payable, plaintiff was and ever since, has been and now is the beneficiary of said policies within the meaning thereof, and of Option 2 granted by said policies to the beneficiary thereof;

(3) that the plaintiff, or the executors, at the time of the death of the said Louis V. Aronson, and at the time the said policies became payable were, ever since have been and now

are entitled to exercise said Option 2 contained in said policies;

(4) that having elected to exercise said Option 2 as hereinbefore stated, plaintiff is entitled to require the Prudential to retain the amount due on said policies, pursuant to the terms and provisions of Option 2 as exercised, payable as therein stated, for the age of the plaintiff at the time of death of said Louis V. Aronson, together with dividends;

(5) that upon delivery of said policies, the Prudential shall be required to place on each of them, a suitable endorsement evidencing the exercise of said option, and to make, execute and deliver such other papers and writings as shall be necessary or proper to carry out the same.

The complaint contains other prayers, too.

I am of the opinion that the right of election is reserved either to the insured or to the beneficiary (see provisions of policy captioned: "Provisions as to Modes of Settlements at Maturity"). At the time of the death of Louis V. Aronson, the plaintiff was not the designated beneficiary in the policies. Her right to the proceeds of the insurance policies comes to her as a legatee under the last will and testament of Louis V. Aronson.

The citations in the defendants brief are convincingly in point.

To accede to the claim of the plaintiff and to grant her the relief sought, this court would have to decide and declare questions well beyond its jurisdiction.

Following *Paterson* v. *Currier,* 98 *N. J. Eq.* 48; 129 *Atl. Rep.* 711, and *Empire Trust Co.* v. *Board of Commerce and Navigation, &c., et al.,* 124 *N. J. L.* 406-411; 11 *Atl. Rep.* (2d) 752, the complaint will be dismissed.