The defendant proposes that this court should not entertain the alleged cause of action of the complainants. The defendant's motion for an order striking out the bill of complaint as amended presents that question for decision. Two major grounds are specified in support of the motion: (1) that adequate and complete remedies, if factually and legally sustained, are available to the complainants in an action at *Page 110 
law heretofore authorized and directed to be instituted immediately on behalf of the defendant; (2) that there are no equitable considerations reasonably requiring the aid of this court. A study of the essential nature of the bill and of the facts therein disclosed recommends the conclusion that the position taken by the defendant is tenable.
The Commissioners of the City of Trenton, after many conferences with representatives of the Township of Ewing, resolved that the township had committed a breach of its contract dated April 25th, 1930, relating to the payments to be made to the city for the connection of properties in the township, directly or indirectly, with the sewers operated by the city, and the rentals payable for the use of such connections. Efforts to compromise became futile and the commissioners by resolution instructed the city counsel to institute an action against the township for the recovery of consequential damages resulting from the alleged breach of the contract. The township and one Walter Gerstnicker, who is not a party to the contract, thereupon filed the present bill pursuant to the authority of the Declaratory Judgments Act. R.S. 2:26-66 et seq.; N.J.S.A. 2:26-66 et seq.
Initially, I am constrained to doubt that such auxiliary legislation was intended to be utilized defensively to bag in advance an imminent and impending law suit.
In Empire Trust Co. v. Board of Commerce, c.,124 N.J. Law 406; 11 Atl. Rep. 2d 752, Mr. Justice Heher stated: "Moreover, the pleaded transactions, in substantial part at least, had ripened into a cause of action, if they could give rise to a right of action; and the Declaratory Judgments Act is designed to provide a remedy for the adjudication of justiciable rights, duties, status and other legal relations of the parties before rights have been invaded or wrongs committed, and its provisions are not ordinarily invocable where another adequate remedy is at hand. The declaratory judgment was intended to modify the common law rule that there is no justiciable controversy until a right has been invaded. It supplements, and is not a substitute for, existing remedies; and whether relief shall be afforded under its terms is ordinarily a matter resting in sound judicial discretion." *Page 111 
However, it must be conceded that under the express terms of the act, the controversial or doubtful question must be one within the jurisdiction of the court in which the declaratory judgment or decree is sought. A declaration of legal rights may be had only in the courts of law. Paterson v. Currier, 98 N.J. Eq. 48; 129 Atl. Rep. 711; McCrory Stores Corp. v. S.M.Braunstein, Inc., 102 N.J. Law 590; 134 Atl. Rep. 752; UnionTrust Co. v. Goerke Co., 103 N.J. Eq. 159; 142 Atl. Rep. 560;
modified on other grounds, 105 N.J. Eq. 190; 147 Atl. Rep. 439;Springdale Corp. v. Fidelity Union Trust Co., 121 N.J. Law 536;3 Atl. Rep. 2d 565; Paterson v. North Jersey DistrictWater Supply Commission, 124 N.J. Eq. 344; 2 Atl. Rep. 2d42; Weiss v. Levine, 133 N.J. Eq. 441; 32 Atl. Rep. 2d574.
Diversity of opinion concerning the meaning of the contract is the core of the dispute. A construction of the contract and a determination of the rights of the parties thereunder is assuredly within the province of a court of law.
It is asserted that a determination of the issues will involve the principles of estoppel and a complicated accounting. The doctrine of equitable estoppel, although the creature of equity, is now recognized and administered by the courts of law.Kronson v. Lipschitz, 68 N.J. Eq. 367; 60 Atl. Rep. 819; LaRosa v. Nichols, 92 N.J. Law 375; 105 Atl. Rep. 201; Briscoe
v. O'Connor, 119 N.J. Eq. 378; 182 Atl. Rep. 855; New JerseySuburban Water Co. v. Harrison, 122 N.J. Law 189; 3 Atl. Rep.
2d 623.
Complexity is not a ground, per se, of equitable jurisdiction. Society, c., v. Lehigh Valley Railroad Co.,32 N.J. Eq. 329, 341; Cranford v. Watters, 61 N.J. Eq. 284;48 Atl. Rep. 316; Daab v. New York Central, c., Railroad Co.,70 N.J. Eq. 489; 62 Atl. Rep. 449; Newark v. Chestnut Hill LandCo., 77 N.J. Eq. 23; 75 Atl. Rep. 644; Pine Building Co., Inc.,
v. Grossman, 102 N.J. Eq. 189; 140 Atl. Rep. 251; Eatontown v.Hendrickson, 109 N.J. Eq. 292; 157 Atl. Rep. 118; Burdick v.Grimshaw, 113 N.J. Eq. 591; 168 Atl. Rep. 186.
Any interest the complainant Gerstnicker and those similarly situated have in the contractual liability of the township to the city is at present purely adventitious. *Page 112 
The complainants emphasize the fact that no action at law had been actually instituted by the city at the time of the filing of the bill in this cause and that therefore this court is not requested to embrace a case already pending in another forum. The distinction here is slender in that the complainants knew that the city was preparing to sue at law for damages.
The statement of the Court of Errors and Appeals in Capraro
v. Propati, 127 N.J. Eq. 419; 13 Atl. Rep. 2d 318, is obviously in point (on p. 429): "Moreover, the granting of equitable relief is ordinarily a matter of grace, and, while the Chancellor may not act arbitrarily and in defiance of established principles, equitable cognizance of a cause which is the subject of concurrent jurisdiction rests in sound judicial discretion, and is usually declined where there is a wholly effectual remedy at law, and there are no special circumstances calling for equitable interposition."
An order will be advised striking out the bill. *Page 113