**SNYDER, Admr., etc., Plaintiff-Appellee, v. ROWE et al., Defendants-Appellees, LEPONTOIS, et al., Defendants-Appellants.**

Ohio Appeals, Third District, Crawford County.

No. 1442.   Decided Nov. 15, 1943.

Kenneth M. Petri, Galion for plaintiff-appellee.
Dean C. Talbott, Galion, for defendants-appellees.
Walter C. Rohrbacher, Tiffin, Charles F. Schaber, Bucyrus, for defendants-appellants.

## OPINION

By THE COURT:

This is an appeal upon questions of law, from a judgment of the Court of Common Pleas of Crawford county, Ohio.

The action is for declaratory judgment. It was brought by William R. Snyder, administrator of the estate of Edith A. Seeman, deceased, against Arlo Rowe, Neva R. Barg, Dorothy Post, Walter B. Snyder William R. Snyder heirs-at-law of Ed. W. Seeman, deceased, and the unknown heirs-at-law of Ed. W. Seeman, deceased, and Edith A. Seeman, deceased; and Helen LePontois, Harold J. Seeman, Lela Randall, Roy Linton, Ida Hothem Weaver, John C. Hothem, Harry Hothem, Victor Hothem, Edwin Hothem, Edwin Hothem, Ione Hothem, Elma E. Whitmer, Herman E. Seeman, Dennis Deible, Leslie Deible and Henry Mayer, heirs-at-law of Ed. W. Seeman, deceased.

While the pleadings presented a number of matters as to which a declaratory judgment was asked, and the declaratory judgment rendered by the Common Pleas Court constitutes a declaration of rights on all the matters presented by the pleadings, the defendants-appellants, who are the heirs-at-law of Ed. W. Seeman, deceased, have in their assignments of error and briefs, limited their claims of error to the claim that the declaratory judgment rendered by the Common Pleas Court is contrary to law insofar as it declares that a certain promissory note, among the effects of Edith A. Seeman, deceased, signed and executed by Harold J. Seeman and payable to the order of Edith A. Seeman in the principal sum of $3500.00, with the indorsement of the payment of $500.00 thereon, is not property which came to Edith A. Seeman, relict of Ed W. Seeman, from her deceased spouse and consequently is not property which passes under the provisions of §10503-5, GC, one-half to the heirs of Ed. W. Seeman and one-half to the heirs of Edith A. Seeman.

Our consideration of this appeal will therefore be limited to this claimed error.

The facts of the case material to a consideration of this appeal, disclosed by the bill of exceptions, are as follows:

Ed. W. Seeman, also known as E. W. Seeman, husband of Edith A. Seeman died intestate February 15, 1933, survived by

his widow but leaving no parent or children or their legal representatives surviving him.

Edith A. Seeman died intestate on the 14th day of August 1941, leaving no parent or children or their legal representatives surviving her.

William R. Snyder, plaintiff-appellee, was appointed administrator of the estate of Edith A. Seeman on the 18th day of August, 1941.

Ed. W. Seeman. and Harold J. Seeman were partners engaged in carrying on a drug business and store in the City of Galion and said partnership and business were in existence at the time of the death of Ed. W. Seeman.

No administration of the estate of Ed. W. Seeman was had, and there were no proceedings as provided for by §§8085 to 8098 GC, prescribing the method of winding up the affairs of a partnership upon the death of a partner.

On April 3, 1933, subsequent to the death of Ed. W. Seeman, Edith A. Seeman by written instrument in which she is described as "widow and next of kin and heir-at-law of Ed. W. Seeman, deceased", for a purported consideration of one dollar and other good and valuable considerations, but actually for a consideration thirty-five hundred dollars, evidenced by the note in question and payable as therein provided, did "grant, sell, transfer and set over to H. J. Seeman, partner, all the goods wares stock in trade fixtures merchandise accounts receivable mortgage of F. E. Barr furniture in said store of E. W. Seeman & Co., radio tubes and testor all of which are located and situated in the Retal Drug Store, heretofore owned and operated by E. W. Seeman & Co., Galion, Ohio, and together with the good will established by said company."

In said instrument, said Edith A. Seeman covenanted with said H. J. Seeman that said stock in trade, fixtures, etc., were free and clear of all incumbrances and that she had good right to bargain and sell same.

Harold J. Seeman paid to Edith A. Seeman during her lifetime, $500.00 of the principle of said note together with the interest on said note to January 1, 1941; and on May 21, 1942, paid the balance of $3208.75 owing on said note, to William R. Snyder, administrator of the estate of Edith A. Seeman, deceased.

Sec. 10503-5 GC, as in effect at the time of the death of Edith A. Seeman, upon the provisions of which the lawfulness of the declaration complained of depends, is as follows:

"When the relict of a deceased husband or wife dies inte-

state and without issue, possessed of any real estate or personal property which came to such relict from any deceased spouse, by deed of gift, device, bequest or descent, then such estate, real and personal, except one-half thereof which shall pass to and vest in the surviving spouse, if any, of such relict, shall pass to and vest in the children of the deceased spouse from whom such real estate or personal property came, or the next of kin of deceased children. If there are no children or next of kin of deceased children, then such estate, real and personal, except for the one-half passing to the surviving spouse, if any, of such relict, shall pass and descend one-half to the brothers and sisters of such relict, or the next of kin of deceased brothers and sisters, and one-half to the brothers and sisters of the deceased spouse from whom such real estate or personal property came, or the next of kin of deceased brothers and sisters."

In the case of **Guear v Stechschulte, 119 Oh St 1,** the Supreme Court held that the provisions of §8577, GC, similar to the provisions of §10503-5 GC, above set forth, are applicable only to the identical property which comes to an intestate from a former deceased husband or wife, and have no application to property acquired by said intestate after the death of said former deceased husband or wife even though such property is purchased from the proceeds of property coming from such former deceased husband or wife, or is the increase or accumulations of such property.

The same holding was made in the case of **Wilson v Eccles, 119 Oh St page 184.**

In the case of **Knauss v Knauss, 58 Oh Ap 183,** in which the provisions of §10503-5, GC, above set forth, were under consideration, the same holding was made as in the above cases.

In the light of these holdings the question to be determined in the instant case, both Ed. W. Seeman and Edith A. Seeman having died intestate, is whether the promissory note, above mentioned, is the identical property which came to Edith A. Seeman, deceased, from her former husband Ed. W. Seeman, deceased.

As the statutory method prescribed in §§8085 to 8098 GC, of winding up the affairs of the partnership upon the death of the partner was not resorted to in the administration of the estate of Ed. W. Seeman, deceased, the rights of the parties interested therein are governed by the rules of common law.

At common law the surviving partner, in the absence of

a contract to continue the partnership after the death of the deceased partner, has the sole right to wind up the business. Addams & Hosford's Ohio Probate Practice, page 378. For many purposes a surviving partner is considered the legal owner of all the property and assets belonging to the partnership, with power to sell or transfer them. The heirs of the deceased partner have no interest, as such, in the property of the firm. Their only remedy is to compel the surviving partner to account for the surplus after the settlement of all the partnership liabilities. 40 American Jurisprudence, Partnership, Section 296, page 335. But the right to compel an accounting is not the only right the heirs of the deceased partner have at common law in relation to the partnership property. In addition to this right, they have interests as distributees therein which they have a right to assign irrespective of whether an administrator is appointed for such deceased partner's estate.

In the instant case, Edith A. Seeman, as the sole heir of Ed. W. Seeman and sole distributee of his estate, had the right under the common law to compel Harold J. Seeman as surviving partner of the firm of E. W. Seeman & Company to account for the surplus after the settlement of all the partnership liabilities, and also had the right under the common law to sell and assign her interest as a distributee of said estate in the parternship property.

If she had exercised her right to compel an accounting, and the note in question had been received by her as a result of such accounting, it would have constituted a payment to her of her distributive share in said estate and be the identical property which came to her from her deceased husband. But as shown by the statement of facts, she did not exercise her right to compel an accounting but instead exercised her right to sell and assign her interest as a distributee in said estate in the partnership property, and the note received by her was the consideration for such sale and did not constitute a distributive share in said estate.

As said note did not constitute a distributive share in said estate, it is not identical personal property which came to her from her deceased spouse by descent, within the purview of §10503-5, GC, and the judgment of the Common Pleas Court so holding is not contrary to law.

For the reasons mentioned, the judgment of the Common Pleas Court will be affirmed at costs of appellant.

GUERNSEY, P. J., JACKSON and MIDDLETON, JJ., concur.