## STATE, ex rel. EHMANN, Relator, v. SCHNEIDER, Judge, Respondent.

Ohio Appeals, First District, Hamilton County.

No. 6629.   Decided February 4th, 1946.

Eli J. Frankenstein, Cincinnati, for Relator.

### OPINION

By THE COURT:

In this original action in this court, the relator seeks a writ of prohibition restraining the respondent from vacating a judgment entered by him at a prior term of the Court of Common Pleas, Hamilton county.

No answer has been filed, but the respondent appeared personally and stated that he had concluded that he had exceeded his jurisdiction in entering the judgment, and, for that reason, would, on his own motion, vacate it unless prohibited

by this Court. He submitted the matter to this Court for its decision.

From the position and representations of relator and respondent, it appears that the relator was a co-plaintiff in action No. A-93079, upon the docket of the Court of Common Pleas of Hamilton County, in which various parties were made defendants, including Ruth E. Ramsey, as trustee under the last will and testament of Caroline Ehman, deceased. He prayed for a declaratory judgment as to the rights of the parties under the trust created by the will of Caroline Ehman, deceased, whose estate was administered in the Probate Court of Hamilton County, Ohio, and for affirmative relief, based on the declared rights.

Under the terms of the trust, Ruth E. Ramsey, trustee, was directed to hold and manage certain real estate for the benefit of plaintiff and another during their lifetime. It was not clearly disclosed what is to be done with the trust corpus thereafter, but there was provision for a future estate—perhaps, however, not a trust estate.

In the Common Pleas Court it was alleged and proven that it was impossible to administer the trust corpus at a profit and that as a result the beneficiaries of the trust were receiving no income therefrom and charges against the corpus were accumulating for taxes, insurance premiums, and interest and principal requirements on a mortgage loan placed thereon by the testatrix, and that the property was being allowed to fall into disrepair for lack of funds to make repairs; that as a result the property was depreciating in value and the parties were threatened with foreclosure proceedings.

The affirmative relief prayed for was that authorized by §11925, et seq., GC, known as the "Disentailing Statute."

On September 4th, 1945, the Court entered a decree authorizing the trustee to sell the real estate forming the corpus of the trust estate at not less than the appraised value, and thereafter the trustee entered into a contract to sell it for a sum in excess of the appraised value.

On December 3rd, 1945, which was at a subsequent term of court, the respondent, having concluded that he had exceeded his jurisdiction, notified the relator's attorney that it was his intention to set aside and vacate the judgment.

We assume that if the judgment was void for want of jurisdiction, it would be within the jurisdiction and right of the court entering such a void judgment, to journalize its invalidity by an appropriate entry, without being moved to do so by any one. Certainly, this Court would not prohibit the journalization of a correct legal conclusion. We also assume

that mere error in the entering of the judgment would not justify setting it aside on the court's own motion at a subsequent term.

That brings us to the crucial question in this case which is:—Did the Common Pleas Court have jurisdiction? It is suggested that by virtue of §10501-53 GC, the Probate Court is given exclusive jurisdiction over testamentary trusts and their administration by fiduciaries. By that section, the Probate Court is given jurisdiction, inter alia, "To construe wills, To render declaratory judgments, To direct and control the conduct of fiduciaries and settle their accounts" and this is followed immediately by the provision that "Such jurisdiction shall be exclusive in the probate court unless otherwise provided by law"——and "Plenary power at law and in equity fully to dispose of any matter properly before the court, unless the power is expressly otherwise limited or denied by statute."

In **Unger v Wolfe, 134 Oh St., 69,** the Supreme Court held that:

"Under the provisions of §10501-53 GC, the Court of Probate has exclusive jurisdiction as to the allowance of fees to an attorney for services in the unsuccessful prosecution of an application for the removal of the guardian of an incompetent."

Accordingly, the Supreme Court held that the Common Pleas Court had no jurisdiction of an action in quantum meruit by the attorney against the incompetent and his guardian, notwithstanding the provision of §11,215 GC, conferring jurisdiction on the Common Pleas Court "in all civil cases" with a certain limitation unimportant here. In reaching this conclusion, the Court said at pages 74-75:

"The difficulty with this contention of the plaintiffs is that §11215 is an old and general statute while §10501-53 is recent and special. Therefore under the canons of statutory construction the latter must take precedence over the former. It is difficult to escape the effect of specific provisions that 'such jurisdiction shall be exclusive in the Probate Court unless otherwise provided by law' and that 'the Probate Court shall have plenary power at law and in equity fully to dispose of any matter properly before the court, unless the power is expressly otherwise limited or denied by statute.' The application for the removal of the guardian was properly before the Probate Court. The request was denied. Since the court concededly was charged with the responsibility of continued

control over the guardian, the ward and his estate, and since any fees allowed the ward's attorneys must come from the estate, this matter therefore would seem to be peculiarly within the province of that tribunal. Furthermore, that is the court in which a substantial part of the attorneys' services were performed.

"It is the view of this court that the recent, special statute relating to the jurisdiction of the Probate Court must be accepted as decisive of the question here presented."

See, also, **Gregg v Kent, 27 Abs 628, and Morehead v Central Trust Co., 54 Oh App., 9.**

Were §11,215 GC, the only basis for jurisdiction of the Common Pleas Court, we would consider Unger v Wolfe, supra. as conclusive against the jurisdiction of that court. But in that case the Court took pains to point out that §11,215 GC, was both old and general, and for that reason must yield to §10,501-53 GC, which is both new and special.

It is, of course, a matter of legislative intent. What is meant by the phrase, "unless otherwise provided by law"? The court held that a provision conferring jurisdiction generally upon another court was not a provision conferring jurisdiction over the specific matters listed in §10,501-53 GC, as within the exclusive jurisdiction of the Probate Court. But where the specific subject matter by express provision is placed within the jurisdiction of another court, can it be said that it has not been "otherwise provided by law"? We think not. To so hold would require us to declare that the specific statute had been repealed—and would drive us to the conclusion that in all cases embraced within §10,501-53 GC, the jurisdiction of the Probate Court was exclusive, which would render the phrase "unless otherwise provided by law" totally inoperative as a limitation.

Now we find that by §11925 GC, (the "Disentailing Statute") jurisdiction is expressly conferred upon the Common Pleas Court in this special class of cases, and by subsequent sections the procedure whereby such jurisdiction should be exercised is set forth in considerable detail. It is a special statute conferring jurisdiction over a specific subject upon a specific court—and in express terms. It would seem to come clearly within the class referred to by the use of the words "unless otherwise provided by law."

For purposes of interpretation of legislative enactments, enactments have long been classed as either general or special, and given different effect upon other enactments dependent as they are found to fall in one class or the other.

While not entirely applicable, it serves some purpose to keep this distinction in mind. On this subject, it is said in 37 O. Jur., 408, that:

"The special statute, in many cases, remains wholly unaffected by the later general act. Indeed, the presumption is that the special is intended to remain in force as an exception to the general act. In order to work a repeal by implication, the inconsistency between the general and special provisions must be manifest and irreconcilable."

If §10,501-53 GC, is a special statute, §11,925 et seq., GC, is equally so, and in fact confers jurisdiction in greater detail upon the Court of Common Pleas to authorize sales of real estate in which there are life estates, or estates tail or conditional, or qualified estates, and this power is expressly made to extend to real estate held in trust created by will.

For these reasons, we hold that §11,925 et seq., GC, is still operative to confer jurisdiction upon the Common Pleas Court.

We, therefore, hold that the respondent was without authority to vacate the judgment entered at a prior term except in the manner and on the grounds set forth in the statutes, and was without authority to vacate it upon his own motion.

A writ may issue as prayed for.

HILDEBRANT, P. J., MATTHEWS & ROSS, J. J., concur in opinion & judgment.