Stewart, J.
 

 Prom the foregoing statement of facts it will be noted, as indeed it was stipulated by the parties, that the sole question for determination upon this appeal is whether exclusive, original jurisdiction in this cause was vested in the Probate Court.
 

 
 *578
 
 The Court of Appeals in its opinion said that Section 8085, General Code, and the related following sections set out a method of procedure whereby a surviving partner winds up the partnership business; that the provisions of these sections are mandatory; and that exclusive'jurisdiction lies in the Probate Court to complete the affairs of the partnership in the instant case.
 

 Section 8085, General Code, provides as follows:
 

 “When a member of any partnership in this state dies, the surviving partner or partners, upon the appointment of an executor or administrator of the estate of such deceased partner, shall, forthwith, make application to the Probate Court of the county in which the partnership existed, upon first giving notice of the time of the hearing of such application to the executor or administrator, for the appointment of three judicious disinterested appraisers, who shall make out, under oath, a full and complete inventory and appraisement of the entire assets of the partnership, including any real estate, together with a schedule of the debts and liabilities thereof, and deliver it to the surviving partner or partners, to be by him or them forthwith filed- in the Probate Court of the county in which such appraisers were appointed.”
 

 Section 8087, General Code, provides:
 

 “If the person or persons entitled to administer upon the estate of such deceased partner, fails or neglects for thirty days after his death, to take out letters testamentary or of administration, such surviving partner or the partners may make application to the proper court and cause the estate of the deceased to be administered upon. ’ ’
 

 Section 8088, General Code, provides:
 

 “If the surviving partner or partners neglect or refuse to have such inventory and appraisement made, the administrator or executor of the deceased partner must have it made, in accordance with the provisions of the next three preceding sections.”
 

 
 *579
 
 Sections 8089 and 8090, General Code, provide the method by which a surviving partner may purchase the partnership property.
 

 Section 8091, General Code, provides that, in the event the surviving partner refuses or neglects to take the assets of the partnership in accordance with Sections 8089 and 8091, General Code, the personal representative of the deceased partner shall apply to a court of competent jurisdiction for a receiver to wind up the partnership and dispose of its assets; and that the Probate Court shall be a court of competent jurisdiction in the appointment and control of a receiver.
 

 Sections 8085, 8088, 8089 and 8090, General Code, were enacted in substantially their present form on March 21, 1861 (58 Ohio Laws, 36). They were subsequently amended in wording but not in substance on March 24, 1890 (87 Ohio Laws, 97), and were put in their present form in the Code revision of 1910.
 

 Defendant conceded in oral argument that at common law there is a right in either a living partner or the personal representative of a deceased partner to petition for a partnership accounting in a court of general equity jurisdiction, and, in his brief, quoted with approval the common-law rule as to winding up a partnership given in the court’s opinion in
 
 Snyder, Admr.,
 
 v.
 
 Rowe,
 
 73 Ohio App., 518, 522, 57 N. E. (2d), 153, as follows:
 

 “At common law the surviving partner, in the absence of a contract to continue the partnership after the death of the deceased partner, has the sole right to wind up the business. * * * For many purposes a surviving partner is considered the legal owner of all the property and assets belonging to the partnership, with power to sell or transfer them. The heirs of the deceased partner have no interest, as such, in the property of the firm. Their only remedy is to compel the surviving partner to account for the surplus after the settlement of all the partnership liabilities.”
 

 
 *580
 
 The last three sentences in the above quotation are taken verbatim from 40 American Jurisprudence, 335, Section 296, and the next sentence,
 
 ibid,
 
 is: “And in all cases it is the duty of the surviving partner to account for and pay over to the administrator of the deceased partner all the profits of the realty and personalty of the firm which rightfully belong to the estate.”
 

 Both parties in the instant case agree that at common law plaintiff would undoubtedly have the right to bring an action against defendant for a partnership accounting, and that the Common Pleas Court, being a court of general equity jurisdiction, would be a proper tribunal in which such an action could be brought. Such actions are uniformly , recognized.
 
 Denver
 
 v.
 
 Roane,
 
 99 U. S., 355, 25 L. Ed., 476;
 
 Savage, Admx.,
 
 v.
 
 Dowrie,
 
 111 N. J. Eq., 108, 161 A., 503;
 
 Karrick
 
 v.
 
 Hannaman,
 
 168 U. S., 328, 337, 42 L. Ed., 484, 18 S. Ct., 135; and 4 Pomeroy’s Equity Jurisprudence, 459, Section 1154 b.
 

 Defendant, however, argues that the right to wind up a partnership granted by Section 8085
 
 et seq.,
 
 General Code, superseded the common-law right as to winding up a partnership and as to an accounting, which latter right ceased to exist in Ohio until 1949 when the Uniform Partnership Act was passed which provides a right to an accounting by one partner or his legal representative as against surviving partners in the absence of any agreement to the contrary.
 

 Plaintiff on the other hand argues that, whereas Section 8085
 
 et seq.,
 
 General Code, provide for an expeditious mode of winding up the affairs of a partnership when one of the partners has died, such sections have not taken away the right in equity for an accounting and such right may be enforced in the Common Pleas Court as a court of general equity jurisdiction.
 

 At the time of the 1861 legislative enactments, there were no equity powers in the Probate Court. In the
 
 *581
 
 case of
 
 Gilliland
 
 v.
 
 Admrs. of Sellers,
 
 2 Ohio St., 223, 228, the court stated: “And the decree of a probate court in Ohio, involving the exercise of the general jurisdiction of a court of equity, must be considered as
 
 coram non
 
 judice.’’ That case was cited and approved in the case of
 
 State, ex rel. Black et al., Exrs.,
 
 v.
 
 White, Judge,
 
 132 Ohio St., 58, 66, 5 N. E. (2d), 163. See, also,
 
 Spoors
 
 v.
 
 Coen,
 
 44 Ohio St., 497, 9 N. E., 132, and
 
 Saxton
 
 v.
 
 Seiberling,
 
 48 Ohio St., 554, 29 N. E., 179.
 

 The present Probate Code became effective in 1932 (114 Ohio Laws, 320, 335), and Section 10501-53, General Code, a part thereof, provides:
 

 “The Probate Court shall have plenary power at law and in equity fully to dispose of any matter properly before the court, unless the power is expressly otherwise limited or denied by statute.”
 

 Prior to 1932 the Probate Court had no general equity jurisdiction and yet the partnership provisions, applicable to the instant case, appearing in Section 8085
 
 et seq.,
 
 General' Code, were enacted in 1861. If defendant’s contentions are correct the result would be that, although there was the expeditious mode of settling partnership affairs upon the decease of a partner, which mode was entirely different from the method of the common law, nevertheless the court which had jurisdiction had no general equity jurisdiction to entertain an action for the establishment of a partnership or an accounting therein. Such a situation would have remained until 1932 when the Probate Court was given equitable jurisdiction to dispose of any matter properly before it. The illogic of such a situation is apparent. We cannot conceive that, although the Probate Court was given jurisdiction to wind up a partnership business in the event of the decease of one of the partners, a partner or his personal representative, upon his decease, would have no right to have an accounting or to an equitable action for the
 
 *582
 
 establishment of the fact of a partnership where it was denied by a surviving partner.
 

 As a matter of fact, this court in the case of
 
 Oglesby, Exr.,
 
 v.
 
 Thompson,
 
 59 Ohio St., 60, 51 N. E., 878, reviewed a case which had originated in the Common Pleas Court of Warren County and which concerned an action for an accounting between a representative of a deceased partner and a surviving partner and, although Section 8085
 
 et seep,
 
 General Code, were not mentioned, apparently the right to such action of accounting in the Common Pleas Court was neither questioned nor referred to in any of the three courts through which the cause proceeded.
 

 From 1861 to 1932 there were in effect the partnership enactments with reference to the jurisdiction of the Probate Court and during that time there was no general equity jurisdiction in such court. As a matter of logic and justice it must be considered that until 1932 such partnership jurisdiction of the Probate Court and general equity jurisdiction of the Court of Common Pleas were concurrent. It is difficult to see how giving additional jurisdiction to the Probate Court in'1932 with no change in the common-law right to an accounting or in the statutory provisions for winding* up a partnership in the Probate Court would divorce the common-law right and the statutory provisions which had concurrently existed for so many years. It would be a curious piece of legerdemain which would accomplish that result.
 

 The Uniform Partnership Act, which was enacted in Ohio in 1949 and which gives a right to an accounting in a case such as the instant one, was not made retroactive so as to apply to the instant case. However, both sides agreed in argument before the court that the Uniform Partnership Act was merely a statutory enactment of the common law and we hold that the com
 
 *583
 
 mon-law right to an accounting and to the establishment of the fact of partnership where denied is a concurrent remedy with the provisions for the expeditious winding up of ordinary partnership affairs as provided in Section 8085
 
 et seq.,
 
 General Code.
 

 Since the Court of Appeals held that original jurisdiction of the subject matter of the instant case is exclusively in the Probate Court and refrained from deciding the other issues involved, the judgment of the. Court of Appeals is reversed and the cause remanded to that court for further proceedings.
 

 Judgment reversed.
 

 Matthias, Hart, Zimmerman, Turner and Taet, JJ., concur.