VANSTONE ET AL., APPELLANTS, *v.* VANSTONE ET AL., APPELLEES.

(No. 4612—Decided February 18, 1952.)

*Messrs. Brady, Whitehead & Simmons,* for appellants.

*Messrs. Williams & Eversman,* for appellees.

Conn, J. This is an appeal by plaintiffs from a judgment entered by the Common Pleas Court on the motion of defendant Beatrice VanStone to strike from the files the petition of plaintiffs and entering judgment for defendants upon the ground that the court did not have jurisdiction of the subject matter of the action. From that judgment, plaintiffs appealed to this court on questions of law.

The petition contains two causes of action, and the relief sought is that a trust be imposed on certain personal and real property described therein by virtue of the terms and provisions of the wills of the grandparents of plaintiffs, Thomas VanStone and Ella VanStone.

In the introductory allegations of plaintiffs' petition, which are incorporated in the first and second causes of action, it is averred that Thomas VanStone died testate on January 11, 1918, leaving surviving his widow, Ella VanStone, and five children; that Ella VanStone died testate on June 28, 1925; that the wills of such decedents were duly admitted to probate and record in the Probate Court of Lucas County, Ohio; and that the estate of each was administered in that court and closed.

It is alleged further that plaintiffs are the only surviving children and next of kin, respectively, of Fred

VanStone and George VanStone, who were children of Thomas and Ella VanStone and who passed away prior to the death of their mother Ella VanStone.

The wills of Thomas VanStone and Ella VanStone, and also the will of their daughter, Ethel D. VanStone (who died on July 7, 1940), were each incorporated in plaintiffs' petition, and it is alleged that by virtue of the testamentary provisions therein, the property devised and bequeathed was impressed with a trust, and that plaintiffs are the beneficiaries of the trusts so created.

In determining the question of the trial court's jurisdiction of the subject matter of the action, a detailed recital of the allegations in the petition appears to be unnecessary. We call attention to the statute (Section 11309, General Code) which expressly provides that the issue of jurisdiction of the subject matter be raised by demurrer. However, without approving the practice ''of making a motion to strike from the files subserve the purpose of a general demurrer'' (*Robinson* v. *Fitch,* 26 Ohio St., 659, 662), no good purpose would be served in remanding the case on the ground of this procedural irregularity, if on the face of the pleading, the jurisdiction or want of jurisdiction of the trial court is clearly manifest.

It is apparent from an examination of the wills of Thomas and Ella VanStone that no testamentary trusts were provided for in express terms. Under such circumstances, before the devised or bequeathed property could be impressed with a trust, it must appear from the language employed that the testator so intended. It follows that it would be necessary to construe the wills and ascertain the intention of the testator before a trust could be imposed.

Does the Common Pleas Court, pursuant to the Constitution and statutes, have jurisdiction to construe wills?

The Constitution (Section 4, Article IV), does not confer jurisdiction on the Common Pleas Court directly and in specific terms. It contains the general provision that "the jurisdiction of the Courts of Common Pleas, and the judges thereof, shall be fixed by law." "It is given a capacity to receive jurisdiction * * * but it can exercise none, until 'fixed by law.'" (*Stevens v. State,* 3 Ohio St., 453.)

Section 11215, General Code, as uniformly construed by the courts, confers general jurisdiction on the Courts of Common Pleas in both law and equity. Over a period of many years, the Common Pleas Court was the only court competent to construe wills; but, in 1932, pursuant to the provisions of Section 8, Article IV of the Constitution, the Legislature, in the enactment of the Probate Code, conferred jurisdiction upon the Probate Court in 13 specific matters (Section 10501-53, General Code), including the construction of wills. This section concludes with the general provision:

"Such jurisdiction shall be exclusive in the Probate Court unless otherwise provided by law.

"The Probate Court shall have plenary power at law and in equity fully to dispose of any matter properly before the court, unless the power is expressly otherwise limited or denied by statute."

The explicit language found in this statute clearly reveals that the Legislature intended to give to the Probate Court exclusive jurisdiction in the several matters enumerated in the statute, including the construction of wills, "unless otherwise provided by law."

The general jurisdiction of the Common Pleas Court conferred by Section 11215, General Code, is modified or limited by the provisions of Section 10501-53, General Code, with respect to the specific provisions incorporated therein, including its jurisdiction to con-

strue wills, in which respect the statute is repealed by implication, it being a general statute and such section being a later enactment. *Unger* v. *Wolfe,* 134 Ohio St., 69, 74, 15 N. E. (2d), 955.

However, statutes conferring specific jurisdiction on the Common Pleas Court were not repealed by implication by the enactment of the Probate Code, for the reason that such statutes are within the statutory exceptions "unless otherwise provided by law." *Nahas, Admx.,* v. *George,* 153 Ohio St., 574, 93 N. E. (2d), 5; *State, ex rel. Ehmann,* v. *Schneider, Judge,* 78 Ohio App., 27, 67 N. E. (2d), 117.

Plaintiffs contend, however, that the jurisdiction conferred in express terms on the Probate Court to render declaratory judgments by Section 10501-53, General Code, is not exclusive, and that under the Declaratory Judgments Act (Sections 12102-1 to 12102-16, inclusive, General Code), enacted subsequent to the Probate Code, such jurisdiction is also conferred upon the Common Pleas Court.

In relation to this contention, plaintiffs obtained leave in the trial court to amend their petition by striking from the prayer those paragraphs wherein plaintiffs prayed specifically that a trustee be appointed by the court to take possession of the trust assets, etc.; and at the same time they obtained leave to amend the first paragraph of the prayer by adding thereto the words: "Under the provisions of Sections 12102-1 to 12102-16, inclusive, of the General Code of Ohio."

Leave to make these amendments having been granted (however, no amended petition was filed), it is now urged that the petition, as amended, states a .cause of action under the Declaratory Judgments Act. As already pointed out, these amendments are related exclusively to the prayer. It appears to be uniformly recognized that the sufficiency of a pleading is determined on the basis of the facts alleged in the body of

the pleading and that the prayer forms no part of the cause of action or defense. 31 Ohio Jurisprudence, 629, Section 80; Borchard on Declaratory Judgments (2 Ed.), 425.

When a litigant asserts a right conferred by statute, the allegations in his pleading must be sufficient in substance to embrace the right conferred. It is said to be "an elementary principle in pleading that if a statute, upon certain conditions, confers a right, or gives a remedy, unknown to the common law, the party asserting the right, or availing himself of the remedy, must in his pleading bring himself clearly within the statute." 31 Ohio Jurisprudence, 573, Section 36; Borchard on Declaratory Judgments (2 Ed.), 208.

The Uniform Declaratory Judgments Act expressly provides that it "is to be liberally construed and administered" (Section 12102-12, General Code) in those cases which are properly within the act. *Coshocton Real Estate Co.* v. *Smith,* 147 Ohio St., 45, 67 N. E. (2d), 904; *Schaefer* v. *First National Bank of Findlay,* 134 Ohio St., 511, 18 N. E. (2d), 263.

It may be noted further that in Ohio it now appears to be well settled that an action for declaratory judgment may be alternative to other remedies in those cases in which the court, in the exercise of sound discretion, finds that the action is within the spirit of the Uniform Declaratory Judgments Act.

However, before the question of the jurisdiction of the Common Pleas Court to enter a declaratory judgment in a given case can be determined, a petition with appropriate allegations within the letter and spirit of the act must be presented to that court. 41 American Jurisprudence, 355, Section 92.

In the instant case, it is our opinion that the two causes of action set forth in plaintiffs' petition, when liberally construed, present a claim for relief grounded on equitable principles, as heretofore amenable to

the general jurisdiction of a court of equity. To be more specific, the plaintiffs assert the claim that it was the intention of their grandfather and grandmother in making testamentary disposition of their real and personal property to impress it with a trust and that plaintiffs are among the beneficiaries of such trust. It is apparent from the petition, as amended, that before imposing a trust upon such property, it is necessary to construe the wills of such testator and testatrix. 41 Ohio Jurisprudence, 820, Section 684.

As already pointed out, the Probate Court now has exclusive jurisdiction to construe wills. It follows that plaintiffs' action, as pleaded, can not be maintained in the Common Pleas Court.

In view of the conclusion we have reached that plaintiffs' action, as pleaded, is not within the Uniform Declaratory Judgments Act, the questions whether such action could be brought in the Common Pleas Court under this Act and the issues adjudicated therein are not presently before us in the opinion of a majority of the court.

Judgment affirmed at plaintiffs' costs.

*Judgment affirmed.*

Fess and Savord, JJ., concur.

Fess, J., concurs on the additional ground that, although to be liberally construed, the Declaratory Judgments Act does not add to the substantive jurisdiction of either the Probate Court or the Common Pleas Court.