A. I. A. CORP. ET AL., APPELLANTS, *v.* GENTRY, APPELLEE.

(No. 10928—Decided March 30, 1970.)

*Mr. Robert O. Smith,* for appellants.
*Mr. Peter J. Randolph,* for appellee.

HESS, J. This is an appeal from the Hamilton County Municipal Court to reverse the judgment of that court vacating a default judgment. The parties will be referred to as they appeared in the trial court.

On January 20, 1969, the plaintiffs filed their petition and procured service on the defendant. After many continuances, and after a motion to strike certain allegations from the petition was overruled, the cause was set for hearing on April 23, 1969, at which time the court granted the plaintiffs a default judgment.

On May 26, 1969, the defendant filed the following motion to vacate the default judgment: "Now comes the defendant and respectfully moves the court to set aside the judgment heretofore entered on April 23, 1969 for the reason that this defendant has a defense to be presented in said case and that this defendant has not had the opportunity to present same to this court."

On June 6, 1969, the trial court endorsed and caused to be journalized the following entry:

"This matter came on, on def's motion to vacate the judgment rendered against him, parties in court by counsel, without argument the court grants said motion, to all of which plaintiffs except."

The same day, the court announced that the answer of the defendant would be permitted to be filed by leave.

On June 7, 1969, the court endorsed the answer, authorizing it to be filed by leave. Thereafter, the plaintiffs filed a motion to strike the answer from the file.

In relation to the action of the trial court before authorizing the answer to be filed by leave, the narrative bill of exceptions states:

"Whereupon the counsel for the parties announced that they were ready to argue the motions; the court announced to counsel that it was granting the motion to strike the defendants answer from the file, but was granting the defendant leave to file the answer. The court then took up the defendant's motion to vacate the default judgment and inquired if counsel for the parties desired to dispose of that, whereupon counsel for both parties stated that they did and were ready to proceed with argument, whereupon the court advised that it was granting the defendant's motion to vacate the default judgment without argument. The court further instructed that entries be presented accordingly."

All matters pertinent to the issue herein occurred within the same term of court.

The issue presented in this case is whether the trial court, being a court of record with limited jurisdiction, abused its discretion when it sustained a motion to vacate a default judgment and authorized the filing of an answer within term without any evidence upon which it could determine that the defendant had a valid defense to the petition.

This identical issue was determined by this court in *Wolf* v. *United Radio Cabs* (No. 11060), in which it held that "where the trial court did not proceed on its own motion, and did not have any affidavits, stipulations, exhibits or evidence presented to it upon which it could make a de-

termination, its action in vacating a default judgment must be considered to be an abuse of discretion and in violation of Section 2325.07, Ohio Revised Code.''

The judgment of the trial court, granting the motion to vacate the default judgment herein, is reversed, and the default judgment originally entered is affirmed.

*Judgment affirmed.*

SHANNON, P. J., concurs.

HILDEBRANT, J., dissenting. I dissent from the majority opinion herein for the same reason expressed in my dissenting opinion in the case of *Wolf* v. *United Radio Cabs* (Court of Appeals for Hamilton County).