MOTOR INS. CORP. ET AL., APPELLEES, *v.* BURNS, APPELLANT.

[Cite as Motor Ins. Corp. v. Burns (1970),
24 Ohio App. 2d 162.]

(No. 1369—Decided August 24, 1970.)

*Messrs. Holbrock & Jonson,* for appellees.
*Mr. Robert F. Wessel,* for appellant.

Hess, J. This is an appeal from an order of the Court of Common Pleas of Butler County setting aside a previous entry dismissing this cause for want of prosecution.

The transcript discloses that on October 2, 1965, the plaintiffs, appellees herein, Motor Insurance Corporation and Brilla Goins, filed their petition in the Court of Common Pleas against the defendant, appellant herein, Burton Burns. Summons was issued and on October 25, 1965, the defendant filed his answer. No further action was taken in the case until November 1, 1967, when the court, after notice to the parties and pursuant to R. C. 2323.04 dismissed this cause for want of prosecution. No further action was taken until December 10, 1969, when, without notice to the defendant, the court signed the following entry: "Upon application of plaintiff and for good cause shown, it appearing that this case was inadvertently dismissed, the same is hereby reinstated."

The one assignment of error presented by Burton Burns, the defendant, is that "the trial court was without authority to reinstate * * * this case in the manner in which it has been done."

The sole question presented herein is whether the trial court on December 10, 1969, had authority on the ground of inadvertence to set aside an entry of dismissal for want of prosecution entered by it on November 1, 1967, without notice to all parties concerned, or a hearing on a motion or petition in which good cause for such action was established.

R. C. 2325.01 provides the grounds for which a judgment may be vacated or modified after the term of court in which it was rendered. The Code also provides ten grounds for vacating judgment after term, none of which provides for reinstatement of a case dismissed through inadvertence. R. C. 2325.04 provides that proceedings to correct mistakes, or omission by the Clerk, or irregularity in obtaining the judgment or order, shall be made by motion upon reasonable notice to the adverse party or his attorney. R. C. 2325.05 describes the procedures to be followed in cases which require the filing of a petition veri-

fied by affidavit setting forth the judgment or order and the grounds to vacate or modify it, and summons must issue as in the commencement of any other action.

There is no record in the instant case of any motion or petition having been filed to vacate the judgment of dismissal for want of prosecution; signatures of counsel do not appear on the entry vacating the judgment; there is nothing in the record to indicate there was notice of or a hearing accorded the litigants or their counsel upon which the trial court could have determined there was good cause for vacating the judgment in question.

The entry vacating the judgment of dismissal for want of prosecution stating that "*upon application* of plaintiff and for good cause shown, it appearing that this case was inadvertently dismissed" is sufficient to eliminate consideration of the right of the court to act on its own motion. (Emphasis added.)

Further, in 32 Ohio Jurisprudence 2d 304, Judgments, Section 615, we find authority for the proposition that "A mere error in the entering of a judgment will not justify setting it aside on the court's own motion at a subsequent term." See *State, ex rel. Ehmann,* v. *Schneider,* 78 Ohio App. 27; *AIA Corp.* v. *Gentry,* 23 Ohio App. 2d 142.

Counsel for plaintiffs argue that since there is no bill of exceptions filed herein, this appeal should be dismissed. The matter of the failure to file a bill of exceptions in this case was determined adverse to the plaintiffs by this court on May 6, 1970.

For the reasons presented the judgment entry vacating the judgment of dismissal for want of prosecution is reversed and this cause is remanded to the Court of Common Pleas of Butler County, Ohio, for further proceedings according to law.

*Judgment reversed.*

SHANNON, P. J., concurs
HILDEBRANT, J., not participating.